IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARTURO HERNANDO, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 3:19-CV-347 |
| | § | |
| UNITED STATES OF AMERICA obo | § | |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ARTURO HERNANDO (hereinafter referred to as "Plaintiff"), complaining of the UNITED STATES OF AMERICA obo UNITED STATES POSTAL SERVICE  (hereinafter called "Defendant USPS") and for a cause of action would respectfully show the Court as follows:

### I.    PARTIES

1.   Plaintiff is a resident of El Paso County, Texas. The last three numbers of his Social Security number are 633

2.    Defendant UNITED STATES OF AMERICA obo UNITED STATES POSTAL SERVICE is a governmental entity and may be served with process by serving the United States Attorney General, by mailing by certified mail return receipt requested to the Civil Process Clerk at the office of the United States Attorney therein at, 601 N.W. Loop 410, Suite 600 San Antonio, TX  78216-5597 and by mailing by certified mail return receipt requested two (2) copies of the summons and two (2) copies of the complaint to the U.S. Attorney General, William Barr, to the

U.S. Department of Justice, 950 Pennsylvania Ave, NW Washington, DC 20530-0001.

## II. JURISDICTION AND VENUE

3.      The Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 USC § 2671, et seq. and 28 USC §1346(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1402(b) because the events forming the basis of this complaint took place in the Western District of Texas, specifically El Paso County, Texas.

5.      Plaintiff gave timely notice to Defendant UNITED STATES of their claims in accordance with the Federal Tort Claim Act. Jurisdiction is appropriate pursuant to 28 U.S.C. §2675(a).  Attached are copies of the A-95 notices served on the following entities on or about the 8th day of July 2019.

6.      Plaintiff has given Defendant USA notice under the Texas Tort Claims Act and in accordance with the City Charter.  Attached hereto as Plaintiff's Exhibit "A" and incorporated herein by reference is a true and correct copy of Plaintiff's notice dated July 8, 2019.

## III.  FACTS

7.      On or about the 27th day of November, 2017, Plaintiff was working for R&C Stagelines, Inc., who was contracted by USPS for the transportation of mail from El Paso to Alamogordo on a daily basis. At the time of the incident, at Defendant's facility and while working under the control of Defendant, Plaintiff arrived to the United States Postal Office located at 8401 Boeing Drive, El Paso, Texas 79910 around 1:30 A.M. The ramp provided by USPS was broken and not even with the ground. Plaintiff   had reported the broken ramp and metal safety bar on the carts were held together with string to several USPS employees multiple times prior to his date of injury. Plaintiff began loading his truck up for delivery as he does every day with wired carts full

2

of magazines and mail when the metal safety bar used for the brake on the cart got stuck on the ramp provide by USPS. The flap then broke loose and hit Plaintiff on his right knee the wired cart full of magazines and mail then slid pining Plaintiff between the uneven ramp and the wired cart full of magazines and mail. Plaintiff's foot got stuck, his knee twisted and he heard a pop causing immediate pain to Plaintiff's right knee. As a result of this injury Plaintiff injured his knee and other parts of his body. Defendant USPS failed to provide a safe work site environment and equipment for Plaintiff.

## IV. NEGLIGENCE OF DEFENDANT

8.      Plaintiff will show that Defendant is liable for the damages and injuries which were caused by the negligence of Defendant, their employees, agents and representatives. Defendant is liable for the acts or omissions of its subcontractors, employees and agents and any person on the job site over whom Defendant retained control.  Defendant had the right to control the manner, methods and procedures that their negligent employees, agents and representatives used in carrying out assigned duties.  Defendant retained contractual and actual control over the entire job regarding equipment, building, housekeeping, cleanliness, routes, construction methods, completion time, materials, storage of materials, safety on the job site, scheduling of work, training for specific job duties, and authority to specify insurance coverage and other details of the work.  This contractual and actual right of control gives rise to a duty of care by Defendant to all employees working on the site.

9.      In addition, Defendant owed a duty of care to employees working on the site, including, Plaintiff ARTURO HERNANDO, which arose through the course of dealing and under OSHA provision section 1926.16.  Defendant was in control of the safety of the premises at the time of the incident and owed a duty to exercise its control in a reasonable manner.

10.     Plaintiff would show that the damages and injuries were caused by the negligence of Defendant USPS, their employees, agents and representatives. Plaintiff would show that Defendant USPS owed a duty to Plaintiff that Defendant breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant was negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Having Plaintiff perform unsafe work
2. Failure to supervise;
3. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and safety equipment;
4. Failure to inspect;
5. Failure to furnish Plaintiff with a safe place to work;
6. Failure to establish and enforce safety rules and regulations;
7. Failure to warn Plaintiff of the dangers;
8. Failure to secure the area Plaintiff was working in;
9. Failure to ensure that the ramps and carts were in working condition;
10. Failure to remove the broken ramps and carts from the workspace to ensure no employee was injured;
11. Failure to provide adequate means of communication to enable Plaintiff to inquire or obtain guidance on how to safely perform their job;
12. Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties;
13. Negligence per se in violating OSHA Standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to his health or safety;
14. Negligence per se in violating OSHA Standards Section 1926.20 1(b) by failing to do one or more of the following (A) initiating and maintaining such programs as may be necessary to comply with OSHA safety law,( B) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the job sites, materials, and equipment.  C) Failing to have a competent safety person on the job site;
15. Failure to provide proper safety manuals and instructions to employees responsible for safety;
16. Other negligence.

11.     One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

4

12.      Plaintiff was an invitee. Defendant was in control of their premises. While upon Defendant's premises, Plaintiff suffered damages resulting in injury caused by a dangerous condition on the premises, which Defendant knew or, in the exercise of ordinary case, should have known existed.

13.      Defendant, its agents, servants and employees negligently caused or negligently permitted such condition to exist or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant, its agents, servants and employees knew, or in the exercise of ordinary case, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Such condition was a proximate cause of Plaintiff's damages.

14.      Defendant is strictly liable for engaging in an ultra-hazardous and abnormally dangerous activity which proximately caused Plaintiffs damages.

15.      Defendant was contracted to perform the work and had a duty to workers who would be working on the premises such as Plaintiff. Defendant is negligent since they should have been aware the condition of the chair. Defendant failed its duty by negligently allowing Plaintiff to sit on the broken chair.

## V. DAMAGES

16.      As a direct result of the occurrence, Plaintiff suffered bodily injuries.

17.      As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses.  These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services.  Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

18.      Plaintiff has lost wage earning capacity in the past and in the future.  Plaintiff was prevented from performing his household duties and will continue to be unable to perform his

household duties in the future.

19.     Plaintiff has suffered pain and suffering in the past.  Plaintiff will continue to suffer pain and suffering in the future.

20.     Plaintiff has suffered mental pain and anguish in the past.  Plaintiff will continue to suffer mental pain and anguish in the future.

21.     As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body.

22.     Plaintiff has suffered disfigurement.

## VI.     CONCLUSION

23.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCHERR &  LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100
(915) 532-1759 (Facsimile)
omendez@scherrlegate.com


*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473